## FAILURE OF A REMAINDER.

Common Pleas Court of Licking County.

CLARENCE RAY MILLER ET AL V. GEORGE MILLER ET AL.

Decided, April, 1908.

*Wills—Death of Life Tenant Without Issue—Failure of the Remainder —Brothers and Sisters of the Half-blood Share in the Undevised Lands—Pleading—Partition.*

Where a son of a testator is bequeathed a life estate in lands with the remainder to his legal heirs and the son dies without issue, the remainder fails and the lands go back as undevised.

*Robert J. Beatty*, for plaintiffs.
*Robbins Hunter* and *Fred C. Rector*, contra.

SEWARD, J. (orally).

The case of Clarence Ray Miller and Georgia May Beatty against George Miller, Bert Miller, Deliah Tippet and Anna Smith, is submitted to the court upon a demurrer to the cross-petition. The grounds of the demurrer are: First, that the cross-petition does not state facts sufficient to entitle the defendants to the relief demanded; and, second, that the facts stated do not constitute a defense.

This is an action for partition. The plaintiffs are the half-brothers and sisters of the defendants, and the plaintiffs and the defendants are children of the testator, Washington Miller.

The contention arises under the second item of the will of Washington Miller, the father of the parties to this suit, and of William T. Miller, and of the real estate devised under the second item of the will to William T. Miller for life, and after his death to his legal heirs. The said William T. died unmarried and without issue, and the cross-petitioner claims that brothers and sisters of the whole blood take the title. The cross-petition sets out these facts fully, and a copy of the will of the testator, who died February 4, 1901. William T. died November 8, 1907.

This demurrer, for its purpose, admits the facts which are well pleaded in the cross-petition; and this principle of law has given the court some embarrassment growing out of a certain allegation in the cross-petition which was not referred to by counsel in argument. That allegation, if well pleaded, makes this cross-petition impervious to a demurrer. In the next succeeding clause of the cross-petition, after the copy of the will, appears the allegation: ''By said item two the said testator intended that the said William Miller should have a life estate, and upon the death of the said William T. Miller without issue, said real estate should vest in fee simple in the defendants.''

If that was the intention of the testator, and that is a good allegation in the pleading, it certainly would make this cross-petition impervious to a demurrer. But, as the court construes it, that is a pleading of a conclusion of law. This court is asked under the theory, of the defendants, to construe the will, and if the court must adopt the fact that it is well pleaded here, that it was the intention of the testator that the defendant should take the real estate, providing William T. Miller died without legal heirs, that would settle the matter, and there would be nothing for the court to determine. The court must determine it upon the construction of the will; and the court holds that that allegation in the cross-petition is a conclusion of law. If the intention of the testator is to govern, then that intention is to be gathered from the four corners of the will.

In *Bonham* v. *Evans*, 26 O. S., 410, it is held that when a testator makes a devise to his son throughout his natural life, and then to his heirs, and in another part of the will uses the term ''heirs'' in the sense of ''children,'' that the son took a life estate only, with remainder to his children, or issue, and not his heirs generally, and upon the death of the son, without issue, the remainder failed and the estate reverted to the heirs of the testator.

''Where a testator made a devise to his son John 'through his natural life and then to his heirs,' and in another part of the will used the word 'heirs' in the sense of 'children'—*Held:*

That the son took a life estate only, with remainder to his children, or issue, and not to his heirs generally, and that upon his death without issue, the devise in remainder failed, and the estate reverted to the heirs of the testator."

In 9 Circuit Court, page 143, the testator gave to his son throughout life and then to his heirs; reciting that if the above named heirs bring suit against his estate, their share shall be forfeited and go to his remaining children. And the court hold that, in using the word "heirs" he meant "children."

The testator in this will, which is referred to in 26 O. S., in bounding the land that he devised to certain of his children, said that it was bounded by land owned by the heirs of John Doe, we will say; and the court permitted them to show in the trial of that case, that John Doe had children, and they were his heirs, and the testator therefore meant by the use of the word "heirs" the word "children." They made that construction of the will, and held in this case that he had used the word "heirs" as intending to denote his children, and not his heirs generally.

The court thinks that the 9 Circuit Court is decisive of this case. At page 143 the court say:

"S devised the use of a farm to a married daughter for her life, with remainder in fee to "her heirs." The daughter died, leaving her husband surviving, but without living issue. In other items of the will the testator bounded other lands devised to other of his children by lands described as belonging to the "heirs" of certain named persons. The husband of the daughter was not named or referred to in the will.

"Under such circumstances, it is to be presumed that the testator used the word heirs in the devise of the remainder in fee in the sense of 'children,' and intended to exclude the son-in-law; that the devise of the remainder had failed, and the estate passed to the heirs of the testator."

The tenant for life having died without leaving any children, the devise in remainder failed, and the land went back to the testator as undevised land.

The court thinks the demurrer to this cross-petition should be sustained; exceptions noted.